made as of September 30, which showed a summary of the expenses which included the statements which had been made for the prior quarterly periods.

The minutes of the directors' meetings at the time of the organization of the corporation in 1892 show that a fiscal year basis was established as of September 30 and no change has been made in the accounting period since that date.

### DECISION.

The taxpayer is entitled to file returns upon the fiscal year basis ending in September and its tax liability should be redetermined accordingly. Final determination of the deficiency, if any, will be settled on 10 days' notice in accordance with Rule 50.

---

Appeal of **THOMAS G. BARBAS.**                    **Docket No. 850.**

> In the absence of evidence as to inventory value on March 1, 1913, or whether the cost of goods was paid and deducted as an expense prior to the change, a taxpayer changing from a cash receipts and disbursements basis to an accrual basis, will take up in income in the year for which such change is made the inventory as of the beginning of the year.

Submitted January 22, 1925; decided February 25, 1925.

*William J. Murray, C. P. A.*, for the taxpayer.
*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal is from a deficiency in tax for the year 1920.

### FINDINGS OF FACT.

For the year 1920, and for a number of years prior thereto, the taxpayer was a partner in the Home Candy Works, a copartnership, of Detroit, Mich. The copartnership commenced business about 1906. The books of account to the end of 1919 were on a cash receipts and disbursements basis. Books were opened on an accrual basis beginning January 1, 1920. Prior to 1920 no inventories had been used in computing net income. The books of account which were opened for 1920 showed an opening inventory of $24,920.99 for merchandise and $1,532.89 for supplies.

In amending the returns of the two equal partners for the year 1920, the Commissioner has added to the net income of each partner one-half of the total inventories at January 1, 1920, upon the theory that the supplies and merchandise on hand at January 1, 1920, had been charged to expense in prior years.

DECISION.

The determination by the Commissioner of a deficiency in tax in the sum of $1,506.35, for the year 1920, is approved.

OPINION.

GRAUPNER: This appeal was presented on behalf of the taxpayer in the same manner that the *Appeal of John G. Barbas*, 1 B. T. A. 589, was presented. The reasons for the decision in this case were given in our opinion in that appeal.

---

Appeal of CHAMBERLAIN MEDICINE CO.                    Docket No. 181.

The 25 per cent limitation provision of section 326 (a) (4) of the Revenue Act of 1918 is only applicable after proof that the intangible assets in question were paid in for stock or shares.

Submitted February 5, 1925; decided February 25, 1925.

*Walter W. Stevens, Esq.*, for the taxpayer.
*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The taxpayer appeals from a deficiency of less than $10,000 alleged to be based upon the misapplication by the Commissioner of the limitation of 25 per cent prescribed by section 326 of the Revenue Act of 1918 upon intangibles included in invested capital. The taxpayer is one of a group of affiliated corporations with an alleged total outstanding capital stock of $625,300, and contends that the percentage limitation should be computed on this total stock of the group. The deficiency, however, was computed on the basis of the outstanding stock of the dominant corporation amounting to $300,000, and at the hearing and in brief the counsel for the Commissioner urges that upon the evidence no intangible value whatever should be included in invested capital, and hence that the deficiency should be increased.

FINDINGS OF FACT.

In 1872 the partnership of Owen and Chamberlain was formed to sell patent medicines. It carried on with changes in personnel until 1892, when the business was incorporated as the Chamberlain Medicine Co., of Iowa. The name Chamberlain was applied to the products and was extensively exploited.

The articles of incorporation are signed by D. S. Chamberlain and Lowell Chamberlain, and were executed July 23, 1892, the date upon which the corporate business began. They contained the following articles, among others: